IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BARAN, on behalf of himself and all others similarly situated, | :  Civil Action No. 2:12-cv-6046-PGS-LHG |
| Plaintiff, | : |
| v. | : |
| CITY OF RAHWAY, AMERICAN TRAFFIC SOLUTIONS, INC. AND ATS CONSOLIDATED, INC. | : |
| Defendants. | : |

---

## BRIEF OF DEFENDANT CITY OF RAHWAY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

---

DeCOTIIS, FITZPATRICK & COLE, LLP
Glenpointe Centre West
500 Frank W. Burr Blvd., Suite 31
Teaneck, NJ 07666
(201) 928-1100
*Attorneys for Defendant,*
*City of Rahway*

Of Counsel:
  Gregory J. Bevelock, Esq.
  Dawn Attwood, Esq.

On the Brief:
  Mark J. Bunbury, Esq.

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT .................................................................................................1

ALLEGATIONS OF THE SECOND AMENDED COMPLAINT.................................................2

    The Red Light Camera Program ...................................................................................2

    Plaintiff's Traffic Violation .........................................................................................3

    Plaintiff's Claims .......................................................................................................3

STANDARD OF REVIEW .....................................................................................................4

ARGUMENT .......................................................................................................................5

    I.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 42 U.S.C. § 1983 .................................................................................................................5

          A.    Plaintiff's §1983 Claim Must Be Dismissed Pursuant to the Supreme Court's Decision in Heck v. Humphrey .......................6

          B.    Plaintiff Has Not Stated a Claim for Violation of His Procedural Due Process Rights .................................................................8

          C.    Plaintiff's Fourth Amendment Claim Fails Because the Complaint Fails to Allege an Unreasonable Search or Seizure .....................9

    II.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT .................................................................................................11

    III.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT .........................................................................13

    IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CONSTRUCTIVE TRUST ........................................................................................14

    V.    PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF SHOULD ALSO BE DISMISSED..............................................................................................15

CONCLUSION....................................................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Alvin v. Suzuki,
    227 F.3d 107 (3d Cir. 2000) ................................................................ 8

Ashcroft v. Iqbal,
    129 S.Ct. 1937 (2009) ...................................................................... 5

Bell Atlantic v. Twombly,
    550 U.S. 544 (2007) ...................................................................... 5, 14

Benn v. Universal Health System, Inc.,
    371 F.3d 165 (3d Cir. 2004) ............................................................ 9

Brower v. County of Inyo,
    489 U.S. 593 (1989) ...................................................................... 10

Brown v. Grabowski,
    922 F.2d 1097 (3d Cir. 1990) .......................................................... 9

California v. Ciraolo,
    476 U.S. 207 (1986) ...................................................................... 10

Chapman v. New Jersey,
    2009 WL 2634888 (D.N.J. Aug. 25, 2009) ...................................... 13

DiPiero v. City of Macedonia,
    180 F.3d 770 (6th Cir. 1999) .......................................................... 11

Dow Chem. Co. v. United States,
    476 U.S. 227 (1986) ...................................................................... 10

Ferrence v. Township of Hamilton,
    538 F. Supp.2d 785 (D.N.J. 2008) .................................................... 7

Fritz v. City of Corrigan,
    163 F. Supp.2d 639 (E.D. Tex. 2001) ................................................ 7

Fuchs v. Mercer County,
    260 Fed. Appx. 472 (3d Cir. 2008) .................................................... 7

Fuentes v. Shevin,
    407 U.S. 67 (1972) ........................................................................ 8

Gibson v. Inacio,
     2010 WL 3943684 (D.N.J. Oct. 5, 2010) ......................................................... 9

Gilles v. Davis,
     427 F.3d 197 (3d Cir. 2005) ......................................................... passim

Heck v. Humphrey,
     512 U.S. 477 (1994)......................................................... passim

In re First Interregional Advisors Corp.,
     218 B.R. 722 (Bankr. D.N.J. 1997) ......................................................... 15

In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.,
     2009 WL 2940081  (D.N.J. Sept. 11, 2009) ......................................................... 4

Johnson v. Onion,
     761 F.2d 224 (5th Cir. 1985) ......................................................... 16

Karam v. City of Burbank,
     352 F.3d 1188 (9th Cir. 2003) ......................................................... 11

Katz v. United States,
     389 U.S. 347 (1967)......................................................... 10

Kowalski v. Scott,
     126 Fed. Appx. 558 (3d Cir. 2005)......................................................... 10

Marinari v. Trump Plaza Hotel & Casino Sec. Second Shift,
     2012 WL 2087735 (D.N.J. June 8, 2012)......................................................... 5

McMullen v. Maple Shade Township,
     643 F.3d 96 (3d Cir. 2011) ......................................................... 9

McNeill v. Town of Paradise Valley,
     44 Fed. Appx. 871 (9th Cir. 2002)......................................................... 11

Mendoza v. Meizel,
     270 Fed. Appx. 105 (3d Cir. 2008)......................................................... 7 (n.5)

Morse v. Lower Merion Sch. Dist.,
     132 F.3d 902 (3d Cir. 1997) ......................................................... 5

Normendeau v. City of Phoenix,
     516 F. Supp.2d 1054 (D. Ariz. 2005) ......................................................... 7

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ................................................................ 5

Robb v. City of Philadelphia,
    733 F.2d 286 (3d Cir. 1984) ................................................................ 8

S.E.C. v. Antar,
    120 F. Supp.2d 431 (D.N.J. 2000) ................................................... 15

Shannon v. Sequeechi,
    365 F.2d 827 (10th Cir. 1966) ......................................................... 16

Trafton v. City of Woodbury,
    799 F. Supp.2d 417 (D.N.J. 2011) ............................................. 13, 14

Vasquez v. City of Hamtramck,
    757 F.2d 771 (6th Cir. 1985) ............................................................. 9

Wade v. Colaner,
    2009 WL 776985 (D.N.J. March 20, 2009) ....................................... 7

Willaman v. Ferentino,
    173 Fed. Appx. 942 (3d Cir. 2006) ................................................. 16

**State Cases**

Assocs. Commerical Corp. v. Wallia,
    211 N.J. Super. 231 (App. Div. 1986) ............................................. 11

Callano v. Oakwood Park Homes Corp.,
    91 N.J. Super. 105 (App. Div. 1996) ..................................... 11, 12, 13

Carr v. Carr,
    120 N.J. 336 (1990) ......................................................................... 15

Davis v. N.J. Transit,
    2012 WL 3192716  (N.J. App. Div. Aug. 8, 2012) ......................... 14

Filgueiras v. Newark Public Schools,
    426 N.J. Super. 449 (App. Div. 2012) ............................................. 13

Flanigan v. Munson,
    175 N.J. 597 (2003) ......................................................................... 15

Goldsmith v. Camden County Surrogate's Office,
    408 N.J. Super. 376 (App. Div. 2009) ................................... 11, 12, 13

Iliadis v. Wal–Mart Stores, Inc.,
        191 N.J. 88 (2007) ........................................................................... 11

Kay v. Kay,
        405 N.J. Super. 278 (App. Div. 2009), aff'd 200 N.J. 551 (2010)................... 15

Nat'l Amusements v. New Jersey Tpk. Auth.,
        261 N.J. Super. 468 (Law Div. 1992) .............................................. 11

Rezem Family Assoc., LP v. Bor. of Millstone,
        423 N.J. Super. 103 (App. Div. 2011) ...................................... 13, 14

State v. Cummings,
        184 N.J. 84 (2005) ........................................................................ 16

Stewart v. Harris Structural Steel,
        198 N.J. Super. 255 (App. Div. 1984) .......................................... 15

VRG Corp. v. GKN Realty Corp.,
        135 N.J. 539 (1994) ................................................................. 11, 12

## Statutes

42 U.S.C. §1983 ......................................................................... passim

N.J.S.A. 10:6-1 et seq. .................................................................. 13

N.J.S.A. 10:6-2 ............................................................................ 13

N.J.S.A. 39:4-8.12 et seq. ........................................................ passim

N.J.S.A. 39:4-8.14(a)-(e) ............................................................ 15

N.J.S.A. 39:4-8.15(d) .................................................................... 3

N.J.S.A. 39:4-81 ..................................................................... 3, 4, 8

N.J.S.A. 47:1A-1 et seq.. ............................................................. 12

## Rules

Fed.R.Civ.P. 12(b)(6) ................................................................ 2, 4

3d Cir. IOP 9.1 (2012) ........................................................... 7 (n.5)

## PRELIMINARY STATEMENT

"Disappointed state court litigants sometimes attempt to overturn state court rulings in federal court...actions...This endeavor is frequently doomed to failure."[1] This phrase succinctly summarizes the crux of plaintiff's action and, as this brief will demonstrate, its ultimate fate. This case arises out of the participation by defendant, City of Rahway ("Rahway"), in a pilot program administered by the New Jersey Department of Transportation ("NJDOT") involving the installation and utilization of traffic control monitoring systems, i.e., cameras and video at approved intersections for the detection of traffic violations ("Red Light Camera System"). See N.J.S.A. 39:4-8.12 et seq. In order to participate in the program, Rahway applied to, and obtained the approval of, NJDOT to install the Red Light Camera System at specific intersections. Rahway also contracted with defendant American Traffic Solutions ("ATS")[2] to implement and utilize the system.

Plaintiff alleges that he received a notice of a traffic violation at an intersection in Rahway with the Red Light Camera System installed. Plaintiff concedes that he paid the fine to Rahway and nowhere does he allege that the charge was ever dismissed, or that a guilty plea was vacated.[3] Plaintiff commenced this lawsuit under 42 U.S.C. § 1983 claiming that Rahway and ATS violated his constitutional rights because the Red Light Camera System in Rahway allegedly was not properly certified under the State statute. Plaintiff seeks a refund of the fine paid.

---

[1] Martin A. Schwartz, Section 1983 Litigation § 1.07[B] (4th ed. 2003).

[2] Defendant ATS Consolidated, Inc. is a corporation which serves as the sole shareholder of ATS. Both defendants will be referred to singularly as "ATS."

[3] It is unclear from plaintiff's complaint whether he pled guilty to, or was convicted following trial of, the violation.

The fact that plaintiff concedes in his complaint that he paid the fine for the traffic violation and does not allege (because he cannot) that his plea has been vacated "dooms to failure" his complaint. Both the United States Supreme Court and the Third Circuit have clearly and unequivocally held: "a § 1983 action that impugns the validity of the plaintiff's underlying conviction <u>cannot be maintained</u> unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." <u>Gilles v. Davis</u>, 427 F.3d 197, 209 (3d Cir. 2005 (<u>citing</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (emphasis added)).

Because plaintiff's plea has not been vacated, reversed or otherwise impaired, he cannot maintain a § 1983 action and that claim should be dismissed. Plaintiff's § 1983 action also fails for additional reasons that are detailed below, as do plaintiff's other claims under the New Jersey Civil Rights Act (which is simply the State's analog to § 1983), and those for unjust enrichment, constructive trust and declaratory relief. For all of the reasons set forth herein, plaintiff's Second Amended Complaint should be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(6).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT[4]

### The Red Light Camera Program

After specifically finding that "the disregard of traffic control devices at intersections impedes the flow of traffic, and more importantly, dramatically increases the likelihood of accidents that endanger the safety and well being of motor vehicle occupants and pedestrians," the New Jersey Legislature, on January 2008, enacted 2008, P.L. 2007, c. 348 (codified at <u>N.J.S.A.</u> 39:4-8.12 <u>et seq.</u>), which established a five-year pilot program authorizing the installation of traffic control signal monitoring systems in New Jersey ("Red Light Camera Program"). <u>N.J.S.A.</u> 39:4-8.12; Second Amended Complaint ("SAC" or "complaint") ¶12. The

---

[4] The allegations of the Second Amended Complaint are accepted as true for purposes of this motion only.

systems use cameras and video recorders to capture the violation and license plate of any motor vehicle operator who fails to properly stop for a red light. Id. ¶11. New Jersey municipalities wishing to participate in the Red Light Camera Program must file an application with NJDOT in accordance with the requirements set forth in N.J.S.A. 39:4-8.12 et seq.

Defendant ATS is a provider of red light camera technology and services, that has contracted with various New Jersey municipalities to install and operate the Red Light Camera Systems. Rahway contracted with ATS to coordinate installation and operation of the system at the intersections of: 1) Route 1&9 and East Milton Road/Patterson Street and 2) Route 27 (St. Georges Avenue) and Maple Avenue. SAC ¶¶17, 18.

### Plaintiff's Traffic Violation

On or about May 15, 2012, Rahway issued a notice of violation of N.J.S.A. 39:4-81 (failure to observe a traffic signal) to plaintiff after he was caught on camera driving through a red light at the intersection of Route 27 (St. Georges Avenue) and Maple Avenue. SAC ¶91. The notice of violation advises of the right to contest the violation in court or to plead guilty and pay the imposed fine. The notice also contains photographs of the violation and directions for viewing a video of the violation online. Plaintiff pled guilty to the violation and paid a fine of $85. Id. The fines were the only penalties imposed, as the assessment of motor vehicle points or automobile insurance eligibility points is prohibited for violations resulting from the subject program. N.J.S.A. 39:4-8.15(d). Plaintiff does not allege that his guilty plea has been vacated.

### Plaintiff's Claims

Despite a voluntary plea that remains undisturbed, plaintiff now attempts to bring a class action challenging Rahway's implementation of the Red Light Camera Program and seeking a refund of the fines paid by the putative class members. Plaintiff claims that from February 24, 2011 through at least June 14, 2012, Rahway did not comply with N.J.S.A. 39:4-8.12 et seq. in

certain ways – namely, that Rahway failed to conduct and submit certain traffic studies and certifications to NJDOT. See id. ¶¶21-29. Plaintiff seeks to represent a class defined as:

> All persons who paid a fine to Defendants for a violation of N.J.S.A. 39:4-81, Failure to Observe Signal, where the violation notice was issued between February 24, 2011, and June 14, 2012, and was based on the red light camera system maintained by Defendants in Rahway. [Id. at ¶82].

Plaintiff's complaint contains four counts. In Count One, plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Rahway violated his rights to due process under the Fourteenth Amendment and to be free from unreasonable searches and seizures under the Fourth Amendment. Id. ¶¶100-120. In Count Two, plaintiff seeks a disgorgement of the funds paid to Rahway because it was allegedly unjustly enriched when it collected fines "in a manner that violated the mandatory requirements of a New Jersey state statute." Id. ¶¶121-124. In Count Three, plaintiff asserts a right to recovery under the New Jersey Civil Rights Act. Id. ¶¶125-26. In Count Four, plaintiff asks the Court to establish a constructive trust. Id. ¶¶127-139. In Count Five, plaintiff seeks declaratory relief – specifically, a declaration that Rahway failed to comply with N.J.S.A. 39:4-8.12 et seq., and was unlawfully operating the Red Light Camera systems between February 24, 2011, and June 14, 2012.¹ Id. ¶¶140-41.

Rahway now moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint because plaintiff has failed to state any claim upon which relief can be granted.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss a complaint for its failure to state a claim upon which relief can be granted. In determining the sufficiency of the complaint, "the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig., 2009 WL 2940081, *6 (D.N.J. Sept. 11, 2009) (citing

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Though this standard is

deferential, it is not without clear limits, as the plaintiff must state plausible grounds for relief,

relying upon "more than labels and conclusions, and a formulaic recitation of a cause of action's

elements." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice"); Phillips v. County of Allegheny, 515 F.3d 224,

234-35 (3d Cir. 2008) (factual allegations of a complaint must "raise a reasonable expectation

that discovery will reveal evidence of the necessary element," thereby justifying the

advancement of "the case beyond the pleadings to the next stage of litigation."); Marinari v.

Trump Plaza Hotel & Casino Sec. Second Shift, 2012 WL 2087735 (D.N.J. June 8, 2012)

(reiterating the "refined" pleading standard under Twombly and Iqbal).

As discussed herein, even accepting the factual allegations of the complaint as true,

plaintiff has not as a matter of law alleged any claim upon which relief can be granted against

Rahway.  As a result, dismissal of the complaint is warranted.

## ARGUMENT

### I.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Section 1983 of Title 42 of the United States Code provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . .

Plaintiff's claim under 42 U.S.C. § 1983 fails for the following reasons.  First, because plaintiff's

claim seeks to impugn the validity of his guilty plea to or conviction of the traffic violations

without first seeking to vacate or reverse that guilty plea or conviction, the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), bars plaintiff's § 1983 claim. In addition, plaintiff's § 1983 claim is based solely on violations of a state statute, which are not cognizable under § 1983. Plaintiff's § 1983 claim based on the Fourth Amendment fails as a matter of law because the complaint fails to allege that plaintiff was subjected to either a search or a seizure, let alone an unreasonable one.

**A.      Plaintiff's § 1983 Claim Must Be Dismissed Pursuant to the Supreme Court's Decision in Heck v. Humphrey.**

In the seminal case of Heck v. Humphrey, supra, the United States Supreme Court held that a party who makes a claim under § 1983 alleging an unconstitutional conviction, or some other harm caused by actions that could impugn the validity of the conviction, "must prove that the...sentence has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. In other words, if a favorable decision on a plaintiff's § 1983 claim would call into question an outstanding conviction, guilty plea or sentence, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also id. at 489 ("even a plaintiff who has fully exhausted available state remedies [to overturn his conviction] has no cause of action under § 1983 unless and until the...sentence is reversed, expunged, invalidated or impugned by a writ of habeas corpus.") (emphasis added).

Heck applies broadly to bar not only § 1983 claims by current prisoners who may pursue claims pursuant to the habeas corpus statute, but also to persons who were convicted or pled guilty to minor offenses and are not serving and did not serve jail time. Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005) (§ 1983 claim barred where plaintiff resolved charges of resisting arrest

and disorderly conduct by entering pre-trial probationary program on grounds that completion of that program did not constitute an invalidation of the charges). For instance, in Fuchs v. Mercer County, 260 Fed. Appx. 472 (3d Cir. 2008), the Court of Appeals held that the district court properly granted a motion to dismiss where a plaintiff brought a § 1983 claim prior to vacating his guilty plea to misdemeanor charges. The Court of Appeals rejected the plaintiff's argument that Heck applied only to criminal defendants who were incarcerated, finding that Heck operated to bar a § 1983 claim based on an unvacated guilty plea to even a misdemeanor, the only penalty for which was the payment of a fine.[5] Id. at 475 (citing Gilles, supra, 427 F.3d at 209); see also Ferrence v. Township of Hamilton, 538 F. Supp.2d 785 (D.N.J. 2008) (barring plaintiff's § 1983 claim based on an outstanding conviction for a municipal code violation); Wade v. Colaner, 2009 WL 776985 (D.N.J. March 20, 2009) (noting § 1983 claims based on municipal ordinance violations are barred by Heck); Normendeau v. City of Phoenix, 516 F. Supp.2d 1054 (D. Ariz. 2005) (finding that Heck barred a §1983 claim based on traffic citations which resulted in the suspension of plaintiff's license); Fritz v. City of Corrigan, 163 F. Supp.2d 639, 641 (E.D. Tex. 2001) (barring a plaintiff from bringing claims related to his plea on a speeding ticket under Heck, unless he could show that the "conviction or sentence has been reversed on direct appeal,

---

[5] Rahway notes the non-binding unpublished decision Mendoza v. Meizel, 270 Fed. Appx. 105 (3d Cir. 2008), which held that Heck does not bar a § 1983 claim if plaintiff's offense is one for which he was not incarcerated and did not have access to federal habeas relief. Id. at 107. However, "absent an intervening U.S. Supreme Court decision [or] an en banc decision[of the Third Circuit]," the Court of Appeals is "bound by the prior precedent of this Court." Fuchs, supra, 260 Fed. Appx. at 475; see also 3d Cir. IOP 9.1 (2012)("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel [without en banc consideration]"). The binding, prior precedent in the Third Circuit is Gilles, supra, a published opinion that predates Mendoza by three years and clearly holds that Heck applies even where a plaintiff does not have access to federal habeas relief. Gilles, supra, 427 F.3d at 209-10 (holding, contrary to plaintiff's view, that other circuits questioning if Heck applies to an individual with no federal habeas recourse did not affect the Third Circuit's conclusion that Heck did apply to a plaintiff's claim when he had no right to federal habeas relief).

expunged by executive order...or called into question..."). The policy underpinning this rule is to "avoid parallel litigation" and "prevent[] the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction." Gilles, supra, 427 F.3d at 209 (citing Heck, supra, 512 U.S. at 483-84).

Here, plaintiff alleges that he paid the fine for violation of N.J.S.A. 39:4-81 for failure to observe a traffic signal and has not alleged that his guilty plea or conviction has been, in the words of the Supreme Court, "reversed on direct appeal, expunged by an executive order, [or] declared invalid by a state tribunal authorized to make such a determination." Heck, supra, 512 U.S. at 486-87.  Accordingly, plaintiff's § 1983 action fails as a matter of law as it is barred by Heck, and should be dismissed.

**B.      Plaintiff Has Not Stated a Claim for Violation of His Procedural Due Process Rights.**

Plaintiff's § 1983 claim based on alleged violations of the Fourteenth Amendment should be dismissed for an additional, independent reason:  the complaint simply fails to allege a viable due process claim.  To prevail on a procedural due process claim under § 1983, a plaintiff must show that he was deprived of a life, liberty or property interest protected by the Fourteenth Amendment without having been afforded procedures sufficient to constitute "due process of law," namely, notice and a hearing.  Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000); see also Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (the "central meaning" of procedural due process is that parties whose rights are to be affected must be notified and given a chance to be heard).

Here, the complaint does not allege that plaintiff was deprived of either notice of the violation or an opportunity to challenge the notice at a trial in the municipal court.  Rather, the

sum and substance of plaintiff's claim is that Rahway purportedly violated his due process rights by allegedly failing to comply with the New Jersey pilot program statute, N.J.S.A. 39:4-8.12. See SAC ¶103 ("defendants continued to issue violation notices and to impose monetary fines for such alleged infractions, at a time when defendants were aware that they had failed to meet the mandatory statutory requirements to legally operate such a red light camera system in Rahway").

That claim fails to state a cause of action under § 1983. "[B]y its terms, § 1983 provides a remedy for violations of federal, not state or local, law." McMullen v. Maple Shade Township, 643 F.3d 96, 99 (3d Cir. 2011). "[S]ection 1983 does not provide a cause of action for violations of state statutes…." Benn v. Universal Health System, Inc., 371 F.3d 165, 174 (3d Cir. 2004); see also Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990) (same). Claims, such as the one asserted herein, that do no more than challenge traffic tickets alleged to have been issued in violation of state law, are not cognizable under § 1983. See Gibson v. Inacio, 2010 WL 3943684, at *4 (D.N.J. Oct. 5, 2010) (holding "there is no constitutional right to be free of erroneous[ly] issued traffic tickets" and dismissing § 1983 claim challenging traffic ticket allegedly issued in violation of state law); Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir. 1985) (a mistakenly issued traffic ticket is not actionable under § 1983). Accordingly, Rahway's alleged violation of the State statute does not provide a basis for bringing a procedural due process claim, and the claim must be dismissed.

### C.    Plaintiff's Fourth Amendment Claim Fails Because the Complaint Fails to Allege an Unreasonable Search or Seizure.

Plaintiff's § 1983 claim based on alleged violations of the Fourth Amendment also should be dismissed for an additional, independent reason:  the complaint fails to allege that Rahway subjected plaintiff to an unreasonable search or seizure for at least three reasons.

First, "the touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" California v. Ciraolo, 476 U.S. 207, 211 (1986) (citation omitted). Fourth Amendment protection, however, does not extend to '[w]hat a person knowingly exposes to the public.'" See Kowalski v. Scott, 126 Fed. Appx. 558, 560 (3d Cir. 2005) (citing Katz v. United States, 389 U.S. 347, 351 (1967)). Video surveillance in public places, where an expectation of privacy does not exist, does not violate the Fourth Amendment. See Kowalski, supra, 126 Fed. Appx. at 560 (holding that video surveillance taken while a person was in full view of strangers and in public areas was outside "the purview of the Fourth Amendment"). Plaintiff thus has not alleged a Fourth Amendment violation because he has no reasonable expectation of privacy that would bar Rahway from recording him driving through a public intersection at which he disregarded a red light traffic signal.

Second, the United States Supreme Court also has ruled that a state law violation – such as plaintiff's claim here that Rahway allegedly did not comply with New Jersey's Red Light Camera statute – does not set the parameters for a Fourth Amendment violation. Dow Chem. Co. v. United States, 476 U.S. 227, 232 (1986) (noting that consideration of a state law violation was not relevant to whether a defendant violated the Fourth Amendment). Because the Fourth Amendment violation alleged by plaintiff is grounded solely on Rahway's purported violation of the Red Light Camera statute, plaintiff has failed to state a claim under the Fourth Amendment. Dow Chem. Co., supra, 476 U.S. at 232.

Finally, the United States Supreme Court precedent also establishes that the issuance of a traffic citation is not an unreasonable seizure. A seizure requires an intentional acquisition of physical control. Brower v. County of Inyo, 489 U.S. 593, 596 (1989). Fatal to plaintiff's argument is the repeated holding that merely sending out a traffic ticket is not an attempt to

acquire physical control and thus such action is not a "seizure" under the Fourth Amendment. McNeill v. Town of Paradise Valley, 44 Fed. Appx. 871, 871 (9th Cir. 2002) ("Sending a traffic citation to the registered owner of a vehicle based on [a] photo radar system does not constitute a seizure under the Fourth Amendment."); DiPiero v. City of Macedonia, 180 F.3d 770, 789 (6th Cir. 1999) (finding that a plaintiff could not have suffered a "seizure" under the Fourth Amendment after receiving a ticket because when the ticket was issued, he was "free to leave"); Karam v. City of Burbank, 352 F.3d 1188, 1194 (9th Cir. 2003) (noting that issuance of a traffic citation to appear in court is not a Fourth Amendment "seizure").  Plaintiff's claim that a mere traffic citation constitutes a seizure under the Fourth Amendment is thus without merit and should be dismissed.

## II.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT.

"The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Goldsmith v. Camden County Surrogate's Office, 408 N.J. Super. 376, 382 (App. Div. 2009) (quoting Assocs. Commercial Corp. v. Wallia, 211 N.J. Super. 231, 243 (App. Div. 1986) (citing Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 108 (App. Div. 1996)).  "Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability." Nat'l Amusements v. New Jersey Tpk. Auth., 261 N.J. Super. 468, 478 (Law Div. 1992), aff'd 275 N.J. Super. 134 (App. Div.), certif. denied 138 N.J. 269 (1994).  Under New Jersey law, "[t]o establish a claim for unjust enrichment, 'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" Iliadis v. Wal–Mart Stores, Inc., 191 N.J. 88 (2007) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)).  Indeed, "the unjust enrichment document requires that plaintiff show that it expected

remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp., supra, 135 N.J. at 554.

Simply put, plaintiff has failed to allege facts sufficient to invoke the doctrine of unjust enrichment. A similar approach was attempted – unsuccessfully – by the plaintiff in Goldsmith, supra. There, the plaintiff filed a putative class action against the Camden County Surrogate's Office ("Camden"), alleging that Camden charged excessive copying fees for records requested pursuant to the Open Public Records Act, N.J.S.A. 47:1A-1, et seq. ("OPRA"), and seeking disgorgement of those fees under a claim for unjust enrichment. The Goldsmith Court found that the merits of the plaintiff's claim "rested totally upon his ability to demonstrate that the charges imposed violated OPRA or the common law" and "was not an independent cause of action for equitable relief founded upon some other legal duty, or otherwise 'dictated by reason and justice.'" Goldsmith, supra, 408 N.J. Super. at 384 (quoting Callano, supra, 91 N.J. Super. at 108). Rather, the plaintiff's proper remedy was to have brought an action in lieu of prerogative writs within the 45-day statutory period. The court did not permit the plaintiff to circumvent the expired limitations period by calling his action one for unjust enrichment. Id. at 385 ("[P]laintiff here had recourse to challenge the overcharge through a traditional action brought under OPRA or the common law right of public access…In short, plaintiff simply chose not to pursue his claim within forty-five days of defendants' alleged violations. He now seeks to avoid the consequences of not filing in a timely fashion by calling his claim something other than what it is.")

Here, as in Goldsmith, plaintiff chose not to take advantage of the recourse that was available to him in the proper forum. He could have moved to vacate his guilty plea, appealed

his conviction or even moved for a new trial, but he did not do so. Instead, he now seeks redress in federal court under the guise of civil rights violations and claims for unjust enrichment. Plaintiff's claim, while perhaps creative, is not meritorious and fails to state a claim for unjust enrichment. Goldsmith, supra. Moreover, the collection and retention of fines, based on plaintiff's own voluntary guilty plea or conviction, cannot be considered "unjust." Callano, supra. For these reasons, the complaint fails to state a claim for unjust enrichment.

## III. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT.

The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. ("NJCRA") was modeled after § 1983, and creates a private cause of action for violations of civil rights secured under the United States and New Jersey Constitutions. Trafton v. City of Woodbury, 799 F. Supp.2d 417, 443 (D.N.J. 2011); Rezem Family Assoc., LP v. Bor. of Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011). N.J.S.A. 10:6-2 provides:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State…by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

The District Court and New Jersey State courts have "repeatedly interpreted NJCRA analogously to § 1983." Trafton, supra, 799 F. Supp.2d at 443-44 (citing cases); see also Chapman v. New Jersey, 2009 WL 2634888, *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart"); Filgueiras v. Newark Public Schools, 426 N.J. Super. 449, 468 (App. Div. 2012) ("the elements of a substantive due process claim under the CRA are the same as those under § 1983") (citing Rezem Family Assoc., LP, supra, 423 N.J. Super. at 115).

Accordingly, where, as here, a plaintiff's claim fails under § 1983 (see Point I supra), claims brought under the NJCRA must likewise fail. See, e.g., Trafton, supra, 799 F. Supp.2d at 444 (entering summary judgment in favor of municipality on NJCRA claim for same reasons judgment was entered on § 1983 claim); Rezem Family Assoc., LP, supra, 423 N.J. Super. at 120 (affirming dismissal of § 1983 and NJCRA claims on same ripeness grounds); Davis v. N.J. Transit, 2012 WL 3192716 *3, n.7 (App. Div. Aug. 8, 2012) (stating in decision affirming dismissal of § 1983: "[h]ad plaintiff asserted a cause of action under CRA, we would have reached the same result" since the NJCRA was "modeled after § 1983").

In Count Three of the complaint, plaintiff attempts to assert a claim under the NJCRA. The only paragraph in that count – other than a paragraph incorporating the preceding paragraphs – simply paraphrases the language of the NJCRA quoted above. SAC ¶126. Plaintiff's NJCRA claim is thus indistinguishable from his § 1983 claim and should be dismissed for the same reasons set forth in Point I supra. Alternatively, by merely paraphrasing the NJCRA and doing no more, plaintiff's NJCRA claims constitutes "a formulaic recitation of a cause of action's elements" that is insufficient to state a claim for which relief can be granted. See Bell Atlantic, supra, 550 U.S. at 555. Either way, Count Three of the Complaint should be dismissed.

## IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CONSTRUCTIVE TRUST.

Count Four of plaintiff's complaint attempts to assert a claim for constructive trust. An essential element of a claim for a constructive trust, however, is unjust enrichment. Because plaintiff has failed to state a claim for unjust enrichment (see Point II supra), his claim for a constructive trust also necessarily fails and should be dismissed.

Under New Jersey law, a constructive trust may be imposed only if a two-part test is satisfied:  first, the court must find that a party committed a "wrongful act", and second, the

"wrongful act must result in a transfer or diversion of property that <u>unjustly enriches</u> the recipient." <u>Flanigan v. Munson</u>, 175 N.J. 597, 608 (2003) (emphasis added; citations omitted). Both the State and federal courts in New Jersey has consistently made clear that unjust enrichment is an essential element of a claim for a constructive trust: "Constructive trusts are invoked to prevent unjust enrichment or fraud."[6] <u>Kay v. Kay</u>, 405 N.J. Super. 278, 284 (App. Div. 2009) (<u>citing</u> <u>Carr v. Carr</u>, 120 N.J. 336, 351 (1990)), <u>aff'd</u> 200 N.J. 551 (2010); <u>see also</u> <u>S.E.C. v. Antar</u>, 120 F. Supp.2d 431, 447 (D.N.J. 2000) ("the touchstone for imposition of a constructive trust is unjust enrichment, regardless of whether a wrongful act was committed") <u>aff'd</u>, 44 Fed. Appx. 548 (3d Cir. 2002); <u>In re First Interregional Advisors Corp.</u>, 218 B.R. 722, 730 (Bankr. D.N.J. 1997) ("According to prevailing law, the essential ingredient for the imposition of a constructive trust is unjust enrichment") (<u>citing</u> <u>Stewart v. Harris Structural Steel</u>, 198 N.J. Super. 255, 265 (App. Div. 1984)).

Here, as set forth above (<u>see</u> Point II <u>supra</u>), plaintiff's complaint fails to state a claim against Rahway for unjust enrichment. Because unjust enrichment is an essential element of a claim for a constructive trust, plaintiff's complaint also fails to state a claim for a constructive trust and that claim should be dismissed as well.

## V.   PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF SHOULD ALSO BE DISMISSED.

Count Five of plaintiff's complaint is – much like the other counts – nothing more than a collateral attack on his guilty plea to or conviction of a traffic violation issued by Rahway. Plaintiff seeks a declaration that Rahway's Red Light Camera System did not comply with the statutory requirements of <u>N.J.S.A.</u> 39:4-8.14(a)-(e), and that Rahway was ineligible to operate the Red Light Camera System from February 24, 2011, and June 14, 2012.  SAC ¶141.

---

[6] There is no allegation of fraud in this case.

However, just as plaintiff is barred from bringing a § 1983 claim that in substance challenges an outstanding conviction or guilty plea (see Point I.A. supra), plaintiff also is barred from bringing a declaratory judgment action that challenges a conviction or guilty plea. Simply stated, "[d]eclaratory relief is not available to attack a criminal conviction." Willaman v. Ferentino, 173 Fed. Appx. 942, 943 (3d Cir. 2006) (citing Johnson v. Onion, 761 F.2d 224, 226 (5th Cir. 1985)); see also Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgment by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies"). In Willaman, the Third Circuit specifically held that a declaratory judgment action is "not cognizable to the extent that a favorable resolution of [that] claim would imply that [plaintiff's] conviction is invalid." 173 Fed. Appx. at 943 (citing, among other cases, Heck v. Humphrey, supra).

Here, violations of New Jersey's motor vehicle laws are quasi-criminal. State v. Cummings, 184 N.J. 84, 98 (2005) ("our courts have long held that prosecutions for a violation of the [motor vehicle law] provisions results in a prosecution of a quasi-criminal action") (citations and internal quotation marks omitted). Furthermore, it cannot be disputed that a judgment favorable to plaintiff on his claim for a declaratory judgment would imply the invalidity of his guilty plea or conviction. Plaintiff requests a declaration that Rahway was not in compliance with New Jersey law at the time the notice of violation was issued to plaintiff and the very relief sought is a return of the fine plaintiff paid. See SAC ¶141, Prayer for Relief (requesting actual damages). Accordingly, plaintiff's claim for declaratory relief is nothing more than an invalid collateral attack on his guilty plea or conviction and, therefore, it should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, Rahway respectfully requests that the Court dismiss plaintiff's Second Amended Complaint in its entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**DeCOTIIS, FITZPATRICK & COLE, LLP**

By:   *s/ Gregory J. Bevelock*
   Gregory J. Bevelock

Dated:  December 20, 2012