UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BARAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RAHWAY, AMERICAN TRAFFIC SOLUTIONS, INC. and ATS CONSOLIDATED, INC.<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CASE NO: 2:12-cv-6046-KSH-PS<br><br>**NOTICE OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FED.R.CIV.P. 41(a)(2)** |

**PLEASE TAKE NOTICE** that that on a date to be determined by the court, Plaintiff Joseph Baran, by his counsel, Shabel & DeNittis, P.C., will move before this Court for an Order dismissing the above-captioned matter, without prejudice, under Fed.R.Civ.P. 41(a)(2).

**PLEASE TAKE FURTHER NOTICE** that Plaintiff Joseph Baran shall rely on the accompanying Brief in support of his Motion. A proposed form of Order is submitted herewith. Oral argument is not requested.

                                    Respectfully Submitted,

                                    **SHABEL & DENITTIS, P.C.**

                           BY:   _s/ Joseph A. Osefchen_
                                  Stephen P. DeNittis (SD-0016)
                                  Joseph A. Osefchen (JO-5472)
                                  5 Greentree Centre
                                  525 Route 73 North, Suite 302
                                  Marlton, NJ 08053
                                  (856) 797-9951
                                  Attorneys for Plaintiffs

Dated: December 28, 2012

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BARAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RAHWAY, AMERICAN TRAFFIC SOLUTIONS, INC. and ATS CONSOLIDATED, INC.<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CASE NO: 2:12-cv-6046-KSH-PS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION UNDER FED.R.CIV.P. 41(a)(2) TO VOLUNTARILY DISMISS, WITHOUT PREJUDICE, PLAINTIFF'S CLAIMS IN THE ABOVE CAPTIONED MATTER**

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

Bosteve Ltd. v. Marauszwki, 110 F.R.D. 257, 259 (E.D.N.Y.1986)..................................2

Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir.1974).......................................................2

In re Tutu Wells Contamination Litig., 994 F.Supp. 638, 652 (D.Vi.1998)..........................2

Ockert v. Union Barge Line Corp., 190 F.2d 303, 304-5 (3d Cir.1951)..............................2

Westinghouse Elec. Corp. v. United Elec. Radio and Mach. Workers of Am.,
194 F.2d 770, 771 (3d Cir.1952)...........................................................................2

## STATUTES

**Page(s)**

Fed.R.Civ.P. 41(a)(2)...................................................................................1, 3

## OTHER

**Page(s)**

9 Wright & Miller, Federal Practice and Procedure, § 2364 at 161....................................2

**Relief Sought**

Pursuant to Fed.R.Civ.P. 41(a)(2), Plaintiff moves to voluntarily dismiss, without prejudice, his claims against Defendants in the above-captioned matter.

**Argument**

Plaintiffs in the following actions have reached a proposed global class action settlement with Defendant ATS which, if approved by the Court, will resolve all claims against Defendant ATS and all municipal defendants in the following matters: Baran v. City of Rahway, Case No. 2:12-cv-6046-KSH-PS; Becker v. Township of Pohatcong, Case No. 3:12-cv-05278-MAS-LHG; Conrow v. Monroe Township, Case No. 1:12-cv-5005-JHR-JS; Fitting v. Borough of Glassboro, Case No. 1:12-cv-5007-JHR-JS; Husseyin v. Borough of Palisades Park, Docket No. BER-L-5892-12; Obrien v. Brick Township, Docket No. OCN-L- 2362-12; Pinto v. City of Linden, Case No. 2:12-cv-05463-WJM-MF; Pinto v. Borough of Roselle Park, Docket No. UNN-L-3056-12; Telliho v. East Windsor Township, Case No. 3:12-cv-4800-PSG-LHG; Townsend v. Woodbridge Township, Case No. 2:12-cv-04995-WJM-MF; Darocha v. City of Linden, Case No. 3:12-cv-05235-PGS-LHG; King v. Union Township, Docket No. UNN-L-2869-12; McCarthy v. Monroe Township, Docket No. GLO-L-1222-12; McNally v. Township of Pohatcong, Docket No. WAR-L-000305-12; Myers v. Borough of Glassboro, Case No. GLO-L-1243-12; and Stockton-Rossini v. Borough of Palisades Park, Docket No. BER-L-7359-12.

As part of this proposed global class settlement, all Plaintiffs in the above-listed actions have agreed to file an amended complaint in Telliho v. East Windsor Township, which names all such Plaintiffs as additional named Plaintiffs in the Telliho action and to voluntarily dismiss, without prejudice, their current claims in all other proposed class actions listed above. If the proposed global class action settlement with ATS is subsequently approved by the Court in

1

Telliho, that approval will resolve all claims in all the above-listed actions.

Whether a voluntary dismissal should be granted lies within the sound discretion of the district court. In re Tutu Wells Contamination Litig., 994 F.Supp. 638, 652 (D.Vi.1998); Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir.1974); Ockert v. Union Barge Line Corp., 190 F.2d 303, 304-5 (3d Cir.1951). See also 9 Wright & Miller, Federal Practice and Procedure, § 2364 at 161. Generally, courts have followed the principle that voluntary dismissal without prejudice should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See Westinghouse Elec. Corp. v. United Elec. Radio and Mach. Workers of Am., 194 F.2d 770, 771 (3d Cir.1952); Bosteve Ltd. v. Marauszwki, 110 F.R.D. 257, 259 (E.D.N.Y.1986). See also 9 Wright & Miller, § 2365 at 165.

In the case at bar, Plaintiff seeks to dismiss his claims in the case at bar, without prejudice, as part of a proposed global class action settlement with ATS which has the potential to resolve all claims against both ATS and Defendant City of Rahway. Neither Defendant will suffer any prejudice from such a dismissal. Defendant ATS has agreed to dismissal of the claims in this action, without prejudice. Defendant City of Rahway will clearly suffer no prejudice from such a dismissal. If the proposed global class settlement with ATS in the Telliho matter is subsequently approved by the Court, then the claims in the case at bar against Defendant City of Rahway will be released as part of that settlement. If the proposed class action settlement of the Telliho matter is not approved by the Court, then Plaintiff's claims in the case at bar can be reinstated and Defendants will be in the same position as they are currently.

**Conclusion**

For the foregoing reasons, the motion to dismiss the complaint in the above-captioned matter, without prejudice, under Fed.R.Civ.P. 41(a)(2) should be granted.

             Respectfully submitted,

          BY:  */s/ Joseph A. Osefchen, Esquire*
             Stephen P. DeNittis (SD-0016)
             Joseph A. Osefchen (JO-5472)
             5 Greentree Centre
             525 Route 73 North, Suite 302
             Marlton, NJ 08053
             (856) 797-9951
             Attorneys for Plaintiffs

Date: December 28, 2012